<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 14-4771**

———————————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

LAWRENCE LEO HAWKINS, JR.,

                Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Arenda L. Wright Allen, District Judge. (2:12-cr-00197-AWA-LRL-1)

———————————

Submitted: May 5, 2015               Decided: June 1, 2015

———————————

Before SHEDD, FLOYD, and THACKER, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Harry Dennis Harmon, Jr., Norfolk, Virginia, for Appellant. Dana J. Boente, United States Attorney, William D. Muhr, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lawrence Leo Hawkins, Jr., appeals his jury convictions and 97-month sentence for one count each of: (1) possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (2012); (2) possession of heroin, in violation of 21 U.S.C. § 844 (2012); (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2012); and (4) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2012). Hawkins asserts that the district court erred when it denied his motions to dismiss the counts against him, and also argues that his status as a Moorish-American National divested the district court of jurisdiction over him.[1] Finding no reversible error, we affirm.

This court reviews de novo the district court's denial of a motion for judgment of acquittal. United States v. Strayhorn, 743 F.3d 917, 921 (4th Cir.), cert. denied, 134 S. Ct. 2689

---

[1] Although Hawkins' counsel asserts that the issue pertaining to the motions to dismiss is meritorious, he asserts that the jurisdictional issue is raised pursuant to Anders v. California, 386 U.S. 738 (1967), and concedes that the issue is meritless. Because we conclude that counsel's effort to combine a meritorious claim with a claim conceded to be lacking in merit does not comport with the Anders framework, see id. at 744-45 (setting forth procedure to be followed when counsel finds "case to be wholly frivolous"), we decline to consider this appeal pursuant to Anders.

(2014). In assessing the sufficiency of the evidence, we determine whether there is substantial evidence to support the conviction when viewed in the light most favorable to the Government. Id. "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Jaensch, 665 F.3d 83, 93 (4th Cir. 2011) (internal quotation marks omitted). The test is whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Madrigal–Valadez, 561 F.3d 370, 374 (4th Cir. 2009) (internal quotation marks omitted). When resolving issues of substantial evidence, this court does not reweigh the evidence or reassess the factfinder's determination of witness credibility, and it must assume that the jury resolved all contradictions in testimony in favor of the Government. See United States v. Roe, 606 F.3d 180, 186 (4th Cir. 2010).

With these standards in mind, we have reviewed the record and find that the evidence presented was sufficient to support a conviction as to each of the counts with which Hawkins was charged. Accordingly, we find that the district court did not

err in denying Hawkins' motions to dismiss the charges against him.[2]

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[2] We agree with counsel that Hawkins' argument pertaining to the district court's jurisdiction over him is meritless. See 18 U.S.C. § 3231 (2012) ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.").

4